UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| MICHAEL S. GOLDBERG, L.L.C and ) | Case No.    09-23370 |
| MICHAEL S. GOLDBERG, ) | 09-23371 |
| ) | Jointly Administered Under |
| DEBTORS ) | Case No.    09-23370 |
| ) | |
| JAMES BERMAN, ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Adv. Pro. No. 10-2410 |
| ) | |
| LUKE HERMANN, ) | Re: ECF No. 23, 34 |
| MICHAEL S. GOLDBERG, LLC, and ) | |
| MICHAEL S. GOLDBERG, ) | |
| ) | |
| DEFENDANTS ) | |

**BRIEF MEMORANDUM OF DECISION AND ORDER ON MOTION TO QUASH**

James Berman, Chapter 7 trustee of the above-captioned bankruptcy estate and plaintiff in the captioned adversary proceeding (hereinafter, the "Trustee"), served a subpoena on Attorney Susan K. Smith (hereinafter, "Smith") commanding her to produce "[a]ll documents concerning Michael S. Goldberg and/or Erin L. Goldberg, a/k/a/ Erin L. Althage"[1] (hereinafter, together, the "Goldbergs"). Smith, who practices as a divorce mediator and had been consulted by the Goldbergs in contemplation of their filing for divorce in Connecticut, filed a *Motion to Quash* (hereinafter, the "Motion"), ECF No. 23, on the grounds that such documents were obtained in connection with a mediation and, as such, are privileged pursuant to Conn. Gen. Stat. §52-235d.

---

[1] A copy of the subpoena is attached to the Motion.

The Trustee filed an *Objection to Motion to Quash Subpoena Filed by Susan Smith* (hereinafter, the "Objection"), ECF No. 34, arguing that the documents demanded by the subpoena were within exceptions (3) and/or (4) of CGS§52-235d. In addition, at the January 5, 2012 hearing (hereinafter, the "Hearing") on the Motion, the Trustee stipulated that he now seeks only documents pertaining to the Goldbergs' assets and financial condition.

Conn. Gen. Stat. §52-235d provides, in relevant part:

> . . . any . . . participant in a mediation shall not voluntarily disclose or, through discovery or compulsory process, be required to disclose any oral or written communication received or obtained during the course of a mediation, unless (1) each of the parties agrees in writing to such disclosure, (2) the disclosure is necessary to enforce a written agreement that came out of the mediation, (3) the disclosure is required by statute or regulation, or by any court, after notice to all parties to the mediation, or (4) the disclosure is required as a result of circumstances in which a court finds that the interest of justice outweighs the need for confidentiality, consistent with the principles of law.

At the outset, the Court notes that in enacting CGS §§52-235d the Connecticut state legislature obviously contemplated disclosure of materials and communications received or obtained during mediation by including in that statute the exceptions to nondisclosure as set forth above in CGS §52-235d(b)(1), (2), (3), and (4)[2]. See *Sharon Motor Lodge, Inc. v. Tai,* 2001 Conn Super. LEXIS 3469, *9 (J. D. Litchfield, December 3, 2001). Bankruptcy Code §542(e)[3] provides, *inter alia,* the procedural mechanism for this Court to engage the

---

[2] The first two exceptions, b(1) and (2) are not applicable to this proceeding: (1) the Goldbergs have not agreed in writing to such disclosure, and (2) no written agreement came out of the mediation as the Goldbergs subsequently decided to file for divorce in the Dominican Republic rather than Connecticut.

[3] 11 U.S.C. §542(e) provides:
>   Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

2

balancing test of CGS §52-235d and determine thereby the appropriateness of such disclosure. At the Hearing, Smith urged the Court to apply the heightened level of scrutiny adopted by Judge Holly B. Fitzsimmons in *Bradley v. Fontaine Trailer Co., Inc.,* 2007 WL 2028115 (D.Conn. July 10, 2007), to its consideration of the balancing test of CGS§52-235d(4). *Id.* at *5 ("Mediation materials have a special significance in the mediation process which requires heightened protection to preserve the value of the mediation process."). For purposes of the resolution of this Motion, the Court adopts and will apply the legal analysis of this well-reasoned opinion.

In connection with the matter before the Court, the Debtor, Michael S. Goldberg, admitted and has been convicted of operating a classic Ponzi scheme, through which investors lost millions of dollars; the Goldbergs hastily arranged a divorce in the Dominican Republic within three weeks following their initial consultation with Smith; the Debtor filed his bankruptcy petition within three weeks following the Dominican divorce – all proximate to Michael Goldberg's surrender to federal criminal authorities and his federal criminal conviction. The divorce decree contains no information concerning division of assets. In light of these circumstances, coupled with the Debtor's "sleight of hand" in operating a Ponzi scheme for more than ten years, and the substantial sums of money involved, the Trustee has both the duty to search for assets and cause to question the credibility of the Goldbergs' claims regarding their assets.

On the opposite side of the relevant coin and based upon the Hearing record, the Court finds that the production of mediation documents of a financial nature demanded by the subpoena will have no impact on the Goldbergs' divorce, or on their actual Connecticut mediation, as the Connecticut-based mediation process was short and abruptly terminated by their decision to effect a quick divorce in the Dominican Republic unattended by

3

meaningful financial disclosure. And, while Bankruptcy Code §542(e) is applicable to documents "related to the debtor's property or financial affairs", personal nonfinancial documents are no longer in issue as the Trustee has now limited his request to documents related to the Goldbergs' assets and financial condition. It further appears that Ms. Althage, in connection with a Rule 2004 examination, and subpoena related thereto, has represented she produced all documents in connection with the Dominican divorce, as well as substantial financial material (including numerous tax returns & bank statements), and consented to the production of additional bank records. *See* Objection, p.4, ¶9 & Exh. B.

Notwithstanding the importance of confidentiality in the mediation process, the "special significance" of mediation materials, and the "heightened protection" attending such materials to preserve the value of the mediation process, the Court finds that, in light of the circumstances attending the present matter, such concerns are clearly outweighed by complete and full financial disclosure of the documents presently demanded. The disclosure of assets is a component of every bankruptcy case. In this particular case, a complete and accurate portrait of the Debtor's assets and financial condition, as well as the disposition and corroboration thereof, is essential to the Trustee's discharge of his fiduciary duties, *see*, *e.g.*, Bankruptcy Code §704 ("Duties of trustee"), the interests of justice, and fairness to creditors. In connection with the present matter, the phrases "interests of justice" and "fairness to creditors" includes the Trustees' statutory duty to, *inter alia*, collect for the benefit of creditors nonexempt property of the bankruptcy estate as mandated by Bankruptcy Code §704(a)(1), and "investigate the financial affairs of the debtor" pursuant to Bankruptcy Code §704(a)(4) to, *inter alia,* discover and recover hidden and/or transferred assets for the benefit of creditors.

**WHEREAS** the Court having carefully weighed the concerns of confidentiality in

4

mediation and the requisite necessity for complete and accurate financial disclosure in bankruptcy, and in light of the particular circumstances presented in this case, finds and determines that the interest of justice outweighs the need for confidentiality in the mediation process, in accordance with which, and pursuant to Bankruptcy Code 542(e) and CGS§52-235d(4):

**IT IS HEREBY ORDERED** that insofar as the Trustee through the subpoena presently seeks all documents and records pertinent to the Goldbergs' assets and financial condition, the Motion is **DENIED**, the Objection is **SUSTAINED**, and

**IT IS FURTHER ORDERED** that on or before Wednesday, January 18, 2012, Smith shall provide to the Trustee all documents and records related to the Goldbergs' assets and financial condition, and

**IT IS FURTHER ORDERED** in light of the Trustee's stipulation and agreement to limit the subpoena to the production of documents related to the Goldberg's assets and financial condition, the Motion, insofar as it relates to documents of a purely nonfinancial nature, is **DENIED** as moot.

Dated: January 10, 2012                                          BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge